IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH A. BARRY and <br> CHRISTIAN BARRY, her husband <br><br> Plaintiffs, <br><br> v. <br><br> POTTERY-BARN, INC., and <br> WILLIAMS-SONOMA STORES, INC., <br><br> Defendants and Third Party Plaintiff <br><br> v. <br><br> MAQUILADORA PRODUR, S.A. de C.V., a foreign corporation, LASTING PRODUCTS, INC., a foreign corporation, and CERAMICA Y VIDRIO DE NUEVO LEON, S.A. de C.V., a foreign corporation, <br><br> Third Party Defendants | Civil Action No. 04 - 1506 <br><br> Judge Terrence F. McVerry <br> Magistrate Judge Lenihan <br><br> Doc. Nos. 15 and 26 |

## REPORT AND RECOMMENDATION ON MOTION BY LASTING PRODUCTS, INC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I.  Recommendation

It is respectfully recommended that the Motion to Dismiss filed by Third Party Defendant Lasting Products, Inc. be denied without prejudice to refile if warranted following discovery on the issue of personal jurisdiction.

II.  Report

This case involves a product liability claim under strict products liability, negligence and breach of warranty where Plaintiff sustained blistering burns, scarring, medical expenses and lost

earnings when, in September 2002, a glass pitcher purchased from Pottery-Barn/William Sonoma ("PB") exploded when filed with hot water to make iced tea. Defendant Pottery-Barn/William Sonoma filed a Third-Party Complaint against three other corporations in December, 2004 (Docket #9): Maquiladora Produr, Lasting Products, Inc., and Home Interiors. (The latter was voluntarily dismissed in April, 2005 (Docket #12-13) and Ceramica was added). PB asserts the pitcher was designed/manufactured by Maquiladora Produr ("Maquiladora"), a Mexican entity, which is a wholly-owned subsidiary of or was purchased by Lasting Products, Inc. ("Lasting"), a Texas corporation.[1] PB cites an indemnification in the Master Purchase Agreement between Maquiladora and PB.

On May 2, 2005, Lasting Products, Inc. filed a Motion to Dismiss on the basis of lack of personal jurisdiction (Docket #15-16). Briefs in opposition were filed, including an objection and request by Lasting to Strike the Supplemental Brief and Supplemental Reply filed by the Third Party Plaintiffs (Docket # 26).

In support of its Motion to Dismiss, Lasting's President, Gerald Blankemeyer, attests that Lasting is not subject to service in Pennsylvania for numerous reasons (see Affidavit at Docket #15, Ex. A), that it wound up business in March, 2004 and is presently not conducting business, has no assets and is insolvent. Lasting argues that the allegations that it has direct control over or is the successor of Maquiladora are insufficient as a matter of law to establish jurisdiction. It argues that Lasting was incorporated and has its principal place of business in Texas; was not at any relevant time doing business in Pennsylvania; was served in Texas; and is not the successor

---

[1] PB initially asserted that Maquiladora had been sold by Lasting to Home Interiors (also a Texas corporation), but later dropped this claim and dismissed Home Interiors, which had only purchased Maquiladora's assets in January, 2003. It amended its third-party complaint to allege that Maquiladora had been sold to Ceramica, a Guatemalan corporation (Docket #10).

corporation to Maquiladora.

In its Brief in Opposition, PB responds that Lasting owned and was the "alter ego" of Maquiladora, whose General Manager was Tyson Blankemeyer Bradley, and that the product was knowingly shipped to PB for nationwide distribution at Lasting's direction, thus supporting specific jurisdiction in Pennsylvania owing to the harm caused.[2] In support, PB cites Texas corporate records indicating that Lasting's, which used an assumed business name of "Lasting Products, Inc., Mexico Operations", owned Maquiladora Produr, a Mexican assembly/manufacturing operation. It further asserts that the Mexican operation was a "mere instrumentality" of Lasting and that PB is entitled to conduct limited discovery on personal jurisdiction. See Renner v. Lanard Toys, 33 F.3d 277, 283-84 (3d Cir. 1994). PB requests the opportunity to conduct discovery into the issue of minimum contacts and the relationship between Lasting Products, Inc. and Maquiladora Produr, for purposes of determining personal jurisdiction.

The court finds that there is insufficient information at this time to make a determination as to whether personal jurisdiction lies against Lasting and that Third Party Plaintiff is unable to adequately respond to this Motion without some limited discovery on minimum contacts as well as the relationship between Lasting and Maquiladora.

---

[2] PB correctly states the law on specific jurisdiction, *i.e.*, that even absent direct contact with the forum state, a defendant is constitutionally subject to personal jurisdiction where it knowingly places goods into the stream of commerce and thus avails itself of the opportunity of doing business indirectly with the forum state. Because defendant obtains or reasonably expects to obtain a benefit from the activity in the state, it is appropriate to subject it to jurisdiction. This follows the Third Circuit's adoption, in Pennzoil Prods. Co. v. Colelli $ Assocs., Inc., 149 F.3d 197 (3rd Cir. 1998) of Justice Brennan's plurality explication of the Supreme Court's decision in Asahi Metal Industry Company, Ltd. v. Superior Court of California, Solano County, 480 U.S. 102 (1987) in that it requires no "additional conduct" on the part of the defendant indicating intentional availment of the forum state's market. Although some Courts have followed J. O'Connor's plurality explication and required more, the Third Circuit has not.

III.     Conclusion

It is recommended that the Motion to Dismiss be denied without prejudice and that PB be granted 45 days within which to conduct limited discovery on the issue of personal jurisdiction. The objections and motion to strike filed by Lasting ( Docket # 26) would therefore be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: July 26, 2005

_____
LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE


cc: All counsel of record